PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

JEFFREY FRIEDLANDER,                          )
                                              )        CASE NO.  1:09CV2743
              Petitioner,                     )
                                              )
       v.                                     )        JUDGE BENITA Y. PEARSON
                                              )
MAGGIE BEIGHTLER, Warden,                     )        **MEMORANDUM OF OPINION**
                                              )        **AND ORDER**
              Respondent.                     )        [Resolving ECF No. 10]


       Jeffrey Friedlander, currently an Ohio state parolee[1] proceeding with counsel, filed a

Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), alleging five

grounds for relief which challenge the constitutional sufficiency of his conviction.  The case was

referred to Magistrate Judge James R. Knepp II for a Report and Recommendation.  On January

21, 2011, the above-entitled action was reassigned from Judge Donald C. Nugent to the

undersigned pursuant to General Order 2011-4.  The Magistrate Judge subsequently issued a

Report and Recommendation (ECF No. 8).  In his Report, the Magistrate Judge recommends that

the Court deny the petition.  Petitioner filed Objections to the Magistrate Judge's Report (ECF

_____

       [1]  Friedlander was incarcerated at Marion Correctional Institution at the time his
petition was filed.  According to the Ohio Department of Rehabilitation and Correction
website (http://www.drc.state.oh.us/), Petitioner is no longer an inmate.  He was released
on September 23, 2011 and is currently on APA supervision until 2016.  Therefore, the
"in-custody" requirement for relief in habeas remains satisfied.  *See Akrawi v. Booker,
572 F.3d 252, 255 n. 1 (6th Cir. 2009).*

(1:09CV2743)

No. 10).  This Court, after reviewing the objections, hereby adopts the Report and denies the petition.

## I.  Facts

In October 2006, Petitioner plotted with an undercover police detective, whom he thought was a "hit man," to kill David Siss.  Relevant background is summarized in the State appellate court's decision *State v. Friedlander*, No. 90084, 2008 WL 2350893, at *1 (Ohio App. 8th Dist. June 9, 2008) ("*Friedlander I*").  The alleged motive for Petitioner's actions was a custody dispute in juvenile court involving a child whose deceased mother was Petitioner's niece.  Mr. Siss is the child's father and custodian.  The child's grandmother, Petitioner's sister, was contesting proceedings in juvenile court.  *State v. Friedlander*, No. 90084, 2009 WL 1965450, at *4 (Ohio App. 8th Dist. July 7, 2009) ("*Friedlander II*").

In November 2006, Petitioner was indicted on one count of conspiracy to commit aggravated murder and one count of attempted aggravated murder.  Both counts included a notice of prior conviction and a repeat violent offender specification.  ECF No. 5-6.  After several continuances, a jury trial commenced on May 21, 2007.  Petitioner's father and sister were present in the courtroom prior to jury selection.  ECF No. 5-27 at PageID #: 323. Two days later, the jury returned findings of guilt as to both counts.  ECF No. 5-8.  Petitioner subsequently stipulated to the repeat violent offender specification; and the trial court sentenced Petitioner to five years on each count, to run concurrently, with mandatory post-release control for five years. ECF No. 5-9.

Petitioner, through new counsel, appealed his conviction and sentence in State court. ECF No. 5-10.  None of the four assignments of error raised an argument about prison clothing.

(1:09CV2743)

*See* ECF No. 5-11.  In June 2008, the court of appeals affirmed Petitioner's conviction for

conspiracy to commit murder, but ordered the conviction for attempted aggravated murder

vacated for insufficient evidence.  *Friedlander I*, 2008 WL 2350893, at *1,*4, and *6.

The Ohio Supreme Court did not accept Petitioner's appeal for review.  *State v.*

*Friedlander*, 120 Ohio St.3d 1418 (2008).

In August 2008, Petitioner, proceeding with his current counsel, filed an application to

reopen his direct appeal under Ohio App. R. 26(B).  ECF No. 5-18.  Citing to *Estelle v. Williams*,

425 U.S. 501, 512 (1976), he asserted for the first time that he was denied the effective assistance

of counsel because, *inter alia*, he appeared at trial in prison clothes.  In July 2009, the court of

appeals denied the application because Petitioner had not met the standard for reopening.

*Friedlander II*.

Petitioner attempted a further appeal to the Ohio Supreme Court, but the appeal was not

accepted for review.  *State v. Friedlander*, 123 Ohio St.3d 1410 (2009).

On November 23, 2009, Petitioner filed the instant petition for a writ of habeas corpus.

**II.  Standard of Review for a Magistrate Judge's Report and Recommendation**

Where objections have been made to the Magistrate Judge's Report and

Recommendation, the District Court standard of review is *de novo*.  Fed. R. Civ. 72(b)(3).

A district judge:

> must determine de novo any part of the magistrate judge's disposition that has
> been properly objected to.  The district judge may accept, reject, or modify the
> recommended disposition; receive further evidence; or return the matter to the
> magistrate judge with instructions.

*Id.*

3

(1:09CV2743)

Accordingly, this Court has conducted a *de novo* review of the portions of the Magistrate

Judge's Report to which Petitioner has properly objected.

### III.  Law & Analysis

Pursuant to § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act

of 1996 ("AEDPA"), a writ of habeas corpus may not be granted unless the state court

proceedings:

> (1) resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the Supreme
> Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination
> of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2); *see also Harris v. Stovall*, 212 F.3d 940, 942 (6th Cir. 2000).

Petitioner proceeds only on his First, Second, and Fifth Grounds for Relief in his

Objections.  ECF No. 10 at PageID # 758.  In these grounds for relief, Petitioner alleges that his

right to a fair trial was violated because he stood trial wearing prison clothing:

> Ground One:  Petitioner was denied his right to a fair and impartial trial as
> guaranteed by the United States Constitution when he was tried in his prison
> clothes.
>
> Ground Two:  Petitioner received the ineffective assistance of trial counsel when
> his counsel failed to object to petitioner standing trial in his prison clothes and
> failed to request a brief continuance so petitioner could dress in trial clothes.
>
> Ground Five:  Petitioner was denied the effective assistance of appellate counsel
> in violation of the Sixth and Fourteenth Amendments to the United States
> Constitution.

ECF No. 1 at PageID #s: 5, 7, 12.  Petitioner acknowledges that the failure of his appellate

counsel to raise these issues on direct appeal renders the First and Second Grounds for Relief

4

(1:09CV2743)

procedurally defaulted.  However, he maintains that this default should be excused due to the ineffective assistance of appellate counsel.  ECF No. 10 at PageID # 759.  The Magistrate Judge found that the First and Second Grounds for Relief fail; and the Fifth Ground for Relief fails to the extent that it is based on the First and Second Grounds, ECF No. 8 at PageID #744-45.  Upon *de novo* review, the undersigned finds the following.

Clearly established Supreme Court law provides that, under the Due Process Clause, "the State cannot . . . compel an accused to stand trial before a jury while dressed in identifiable prison clothes." *Estelle*, 425 U.S. at 512.  The Court reasoned, in part, that "the constant reminder of the accused's condition implicit in such distinctive, identifiable attire may affect a juror's judgment." *Id.* at 504-05.  The Supreme Court, however, declined to establish a *per se* rule that invalidated a conviction whenever the accused wore jail clothing at trial. *Id.*[2] Moreover, the trial court is not required to furnish alternate clothing. *United States v. Williams*, 641 F.3d 758, 767 (6th Cir. 2011) (citing *United States v. Brown*, 367 F.3d 549, 554 (6th Cir. 2004)).

In the case at bar, the State trial court spoke with Petitioner and his experienced appointed counsel regarding his clothing prior to jury selection.  Petitioner's father and sister were present in the courtroom.  ECF No. 5-27 at PageID #: 323.  The following colloquy established that Petitioner had the opportunity to arrange for clothing, but did not do so by the date of trial:

---

[2] Concurring in *Estelle*, Justice Powell stated:  "We generally disfavor inferred waivers of constitutional rights.  That policy, however, need not be carried to the length of allowing counsel for a defendant deliberately to forego objection to a curable trial defect, even though he is aware of the factual and legal basis for an objection, simply because he thought objection would be futile. *Id.* at 515 (citations omitted).

5

(1:09CV2743)

[DEFENSE COUNSEL]:  First of all, I notice that he's not in trial clothes. I had spoken with him before about getting trial clothes.  He doesn't have them available, and I think we discussed this, he has no objection to going forward without his trial clothes.  I believe that's correct.  Is that correct?

[PETITIONER]:  Objection.

*   *   *

THE COURT:  One other thing, you have the right to dress in civilian clothes during the course of the trial.

[PETITIONER]:  I have none here, Your Honor.

THE COURT:  Pardon?

[PETITIONER]:  I have none here.

THE COURT:  Is that correct?  I thought you refused.

[PETITIONER]:  They posted notes in the jail stating that any property that's left over 30 days would be disposed of, so I had my family pick everything up.

THE COURT:  I was informed that you refused today to --

[PETITIONER]:  No, I told them I have no clothes here.  I have nothing in personal property.

THE COURT:  And did you indicate to your client that he would be able to --

[DEFENSE COUNSEL]:  I told him it would be up to him to have trial clothes if he wanted to show up for trial in them, like you tell every client who is in jail and discuss it with the family, that you have to bring it -- they can't bring it the day of trial.

THE COURT:  All right.  Is the jury up right now?

ECF No. 5-27 at PageID #: 319, 342-43.  It is difficult to determine from the four corners of the

trial transcript and without benefit of first-hand observation of the proceedings what Petitioner

6

(1:09CV2743)

meant by "[o]bjection."  He did not elaborate and, later when the topic of his trial dress was

spoken of again, he did not repeat the word or sentiment.  He did not indicate at any time that he

had trial clothes available or could obtain clothing for trial.  The record does not reflect that he

requested that his father or sister (who were present in the courtroom) bring his trial clothes back

to court or offer up any they may had with them.  These omissions and actions prior to and

during the trial do not lead the Court to conclude that he was compelled to wear prison garb.

The Ohio Court of Appeals rejected Petitioner's claims regarding his prison garb, finding

no compulsion:

> {¶ 4} In his first proposed assignment of error, Friedlander argues that the trial
> court erred by holding his trial while he was wearing prison clothes.  As part of
> his fifth proposed assignment of error, he argues that trial counsel was ineffective
> for failing to request a continuance to permit Friedlander to dress in trial clothes.
> {¶ 5} Friedlander asserts that the trial court required him to stand trial in jailhouse
> clothing.  Defense counsel acknowledged on the record, however, that-prior to
> trial-counsel had informed Friedlander that it was Friedlander's responsibility to
> ensure that he arrange with his family to bring clothing prior to the day of trial.
> Friedlander's characterization of the trial court as having compelled him to stand
> trial in prison clothing is, therefore, inaccurate. FN8  The circumstances which
> gave rise to Friedlander's being tried in jailhouse clothing do not present a
> genuine issue of whether he was deprived of the effective assistance of appellate
> counsel.  Similarly, we cannot conclude that trial counsel was ineffective for
> failing to request a continuance, particularly in light of the fact that the docket
> reflects and the trial court observed that the trial had been continued several times.
> As a consequence, Friedlander's first and fifth proposed assignments of error do
> not provide a basis for reopening.

> > FN8.  Contrast the cases cited in *State v. Collins*, Cuyahoga App.
> > No. 89808, 2008-Ohio-3016, at ¶ 15, as standing for the
> > proposition "that a defendant who is compelled to stand trial
> > wearing identifiable prison clothing suffers prejudice that
> > unconstitutionally undermines the presumption of innocence."  *Id.*
> > (Emphasis added; citations deleted.)

*Friedlander II*, 2009 WL 1965450, at *1 (footnotes seven and nine omitted).

(1:09CV2743)

Under AEDPA, the undersigned must decide whether the State appellate court's

adjudication of Petitioner's claims "resulted in a decision that was contrary to, or involved an

unreasonable application of, clearly established Federal law."  28 U.S.C. § 2254(d)(1).  As the

United States Supreme Court has explained:

> an *unreasonable* application of federal law is different from an *incorrect*
> application of federal law.  Indeed, a federal habeas court may not issue the writ
> simply because that court concludes in its independent judgment that the relevant
> state-court decision applied clearly established federal law erroneously or
> incorrectly.  Rather, that application must be objectively unreasonable.  This
> distinction creates a substantially higher threshold for obtaining relief than *de
> novo* review.  AEDPA thus imposes a highly deferential standard for evaluating
> state-court rulings, and demands that state-court decisions be given the benefit of
> the doubt.

*Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010) (internal citations and quotations omitted)

(emphasis in original).

The Court finds that the decision of the Ohio Court of Appeals was not contrary to or did

not unreasonably apply *Estelle* in finding no violation of Petitioner's constitutional right to a fair

trial.  While the State court did not mention the case by name, the court's opinion in *Friedlander*

*II* can be read as having applied the clearly established federal law found in *Estelle*.  There was

no constitutional violation in the case at bar because the requisite element of compulsion did not

exist—Petitioner was not forced to wear his prison clothes.  Furthermore, the Court cannot

conclude that it was objectively unreasonable for appellate counsel not to raise on direct appeal

either the prison clothing issue or the lack of a request by trial counsel for a brief continuance.

*See McFarland v. Yukins*, 356 F.3d 688, 699 (6th Cir. 2004) (explaining that the failure to raise

an issue on appeal constitutes ineffective assistance if there is "a reasonable probability that

8

(1:09CV2743)

inclusion of the issue would have changed the result of the appeal").  The Court concludes that the Magistrate Judge properly resolved Petitioner's prison clothing arguments.  Accordingly, Petitioner is not entitled to habeas relief on these claims, including the claim for ineffective assistance of counsel caused by the attorney's failure to raise the court attire issues on direct appeal.  *See Steen v. Schmalenberger, 687 F.3d 1060, 1063-64 (8th Cir. 2012)* (State Supreme Court's determination that prisoner did not establish prejudice from counsel's alleged ineffective assistance in failing to object to his appearance at trial in prison attire was not unreasonable application of *Strickland*, and thus did not warrant habeas relief).

## IV. Conclusion

Accordingly, the Report and Recommendation (ECF No.8) of the Magistrate Judge is hereby adopted and the Petitioner's Objections (ECF No. 10) are overruled.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).


IT IS SO ORDERED.


 March 20, 2013                         /s/ Benita Y. Pearson
Date                                    Benita Y. Pearson
                                        United States District Judge

9